CLARENCE L. COLE v. ATLANTIC CITY. AND GODFREY & GODFREY.

Submitted December 29, 1902—Decided February 24, 1903.

Under the ordinances of Atlantic City, approved May 31st, 1902, and July 15th, 1902, the compensation of a counselor, employed to assist the city solicitor in pending or prospective litigation, is to be paid by the city solicitor out of his salary, and consequently a taxpayer is not entitled to question by *certiorari* the validity of a resolution of the council employing a counselor for that purpose.

On *certiorari* to set aside resolution of city council.

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *George A. Bourgeois.*

For the defendants, *David J. Pancoast.*

The opinion of the court was delivered by

DIXON, J.   The prosecutor, as a resident and taxpayer in Atlantic City, seeks to set aside a resolution of the city council, passed November 24th, 1902, providing for the employment of the law firm of Godfrey & Godfrey to assist in certain litigation pending or prospective in which the city is concerned.

On examining the situation we think the prosecutor has no such interest in the matter as would justify our interference at his instance.

Under the "Act for the government of cities," approved April 3d, 1902 (*Pamph. L., p.* 234), adopted by Atlantic City May 6th, 1902, one of the municipal officers is a city solicitor (section 31), and the council has power (section 14, paragraph 36) to prescribe, by ordinance, his duties and compensation.   In the exercise of this power the council, by ordinance approved May 31st, 1902, ordained that the salary of the city

solicitor should be $4,000 per annum, and that, if it should be necessary to secure the services of a counselor-at-law in the conduct of litigation wherein the city might be engaged, his services should be paid for by the city solicitor out of his salary. After the adoption of this ordinance Mr. Wootton was appointed city solicitor.

Evidently, in this condition of the municipal laws, Messrs. Godfrey & Godfrey must look to the city solicitor for their compensation, under the resolution of November 14th, 1902. The city treasury is not to be burdened therefor.

In reaching this conclusion we have not overlooked the fact that, by ordinance approved July 15th, 1902, fixing the salaries of various city officers from July 8th, 1902, the salary of the city solicitor is declared to be $4,000 per annum, and no reference is made therein to the requirement that he should pay for legal assistance. We see no inconsistency in these ordinances, and regard the substance of the earlier ordinance as being still in force.

The writ should be dismissed for want of interest in the prosecutor, but without costs.